UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHITFIELD #204557,

    Plaintiff,

v.

    File No. 1:07-CV-399

    HON. ROBERT HOLMES BELL

MICHAEL WHALEN, et al.,

    Defendants.
                                       /

**O R D E R**

This matter is before the Court for *de novo* review of Defendants' objections to the Report and Recommendation ("R&R") of Magistrate Judge Joseph G. Scoville. (Dkt. No. 15, R&R; Dkt. No. 16, Pl.'s Objections.) On April 23, 2007, Plaintiff, a state prisoner, filed a complaint alleging that Defendants did not provide adequate medical care for his injured toe. (Dkt. No. 1.) On July 9, 2007, Defendants filed a motion for summary judgment on the basis that Plaintiff has not exhausted his administrative remedies. (Dkt. No. 9.) On January 18, 2008, the Magistrate Judge issued an R&R recommending that Defendants' motion for summary judgment be denied. (Dkt. No. 15.) On January 31, 2008, Defendants filed their objections to the R&R. (Dkt. No. 16.)

The Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). On *de*

*novo* review, the Court concurs with the conclusion of the Magistrate Judge that Plaintiff has exhausted his administrative remedies with respect to the claims in his complaint.

In their objections to the R&R, Defendants reiterate that Plaintiff did not name any Defendants or specific instances in his grievance, and contend that because of the failure to do so, "[t]here is no way that the Defendants in this case would know that Plaintiff believed that *they* did anything wrong, or *when*." (Dkt. No. 16, Defs.' Objections 4.) However, notice to individuals of possible claims against them is not the "primary purpose" of the grievance process. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 923 (2007) ("'We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation[.]'") (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

Moreover, it appears that prison officials were alerted to Defendants' involvement in the issues alleged by Plaintiff in his grievance. In his Step I grievance, Plaintiff generally alleged "inadequate and ineffective" medical assistance as well as delay of medical assistance by "Health Service personell [sic]" over a course of several months. (Dkt. No. 1, Pl.'s Compl., Ex. F.) Plaintiff specifically mentioned the kites that he sent to prison officials requesting care (which, according to Plaintiff's complaint, were reviewed by Defendants Barrett and Whalen), and the response to Plaintiff's Step I grievance mentions the "approximately seven times" that Plaintiff was evaluated by a nurse (which, according

2

to Plaintiff's complaint, appears to include Defendants Hamilton, Hix, Biesiada, and Kelley). (Dkt. No. 1, Pl.'s Compl., Ex. F.)  This is not a case where Plaintiff named some individuals in his grievance to the exclusion of others.  *See Price v. Caruso*, No. 1:07-CV-117, 2008 WL 441254 at *2 (W.D. Mich. Feb. 14, 2008) (unpublished) ("When a grievance specifically names parties [to the exclusion of others] it puts only those parties on notice of a claim against them, and it does not serve the same notice function that a general grievance would.").  In the instant case, Plaintiff did not name *any* specific individuals, but stated a general grievance regarding the inadequate medical care received from health care personnel over the course of several months.  Nevertheless, the prison officials appear to have been aware of the multiple instances of medical care involving Defendants, and, from a procedural perspective, the prison officials apparently determined that the grievance was in sufficient form to be addressed on the merits.

The Court also agrees with the Magistrate Judge's conclusion that, because the prison officials decided Plaintiff's claim on the merits, they apparently determined that Plaintiff's grievance satisfied the relevant "critical procedural rules."  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").  Thus, the claims in the Plaintiff's complaint were properly exhausted.  *See Griswold v. Morgan*, 317 F. Supp. 2d 226, 230 (W.D.N.Y. 2004) (holding that an untimely grievance is exhausted when it is considered on the merits); *Ellis v. Vadlamudi*, No. 07-10773, 2008 U.S. Dist. LEXIS 55858, at *21 (E.D. Mich. July 10, 2008)

3

(unpublished) (citing cases holding that a prison complaint considered on the merits is exhausted); *see also Woodford*, 548 U.S. at 92 (comparing Prison Litigation Reform Act exhaustion to exhaustion for habeas review); *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007) (stating, in the context of habeas review, that "[i]f the state court considered Petitioner's alleged error on the merits notwithstanding the fact that it was not timely filed, then the state court's determination does not rest on a procedural ground that bars federal review.").

Having reviewed the objections to the Report and Recommendation of the Magistrate Judge under a *de novo* standard, the Court concludes that Defendants' motion for summary judgment should be denied. Accordingly,

**IT IS HEREBY ORDERED** that the January 18, 2008, Report and Recommendation of the Magistrate Judge (Dkt. No. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 9) and objections to the R&R (Dkt. No. 16) are **DENIED**.

Date:   September 30, 2008            /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE