UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL WHITFIELD, #204557,        )
                                  )
                Plaintiff,        )   Case No. 1:07-cv-399
                                  )
v.                                )   Honorable Robert Holmes Bell
                                  )
MICHAEL WHALEN, et al.,           )   **REPORT AND RECOMMENDATION**
                                  )
                Defendants.       )
_____)

       This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Saginaw Correctional Facility (SRF). His complaint concerns the adequacy of the healthcare treatment he received at the Muskegon Correctional Facility (MCF) for a self-inflicted laceration on his right big toe which occurred "sometime before January 26, 2005," while he was clipping an ingrown toenail. The defendants are MCF's Healthcare Unit Manager Michael Whalen, and Nurses Todd Hix, William Barrett, Mark Kelley, and Tamerla Hamilton. A sixth defendant, Nurse Joan Biesiada has never been served with process in the more than two years since plaintiff filed his complaint on April 23, 2007.

       The matter is before the court on a motion for summary judgment by defendants Whalen, Hix, Barrett, Kelley, and Hamilton. (docket # 24). On November 19, 2008, plaintiff filed his response to defendants' motion (docket #'s 39-41), and defendants' motion has long been ready for decision. For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted. I further recommend that all plaintiff's claims against Nurse Biesiada be

dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure because plaintiff has never achieved service of process. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against Nurse Joan Biesiada.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Briggs v. Potter*, 463 F.3d 507, 511 (6th Cir. 2006). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Swiecicki v. Delgado*, 463 F.3d 489, 492 (6th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's

case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006); *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On January 23, 2005, plaintiff injured himself when he clipped too much off the nail of his right great toe. Three days later, plaintiff requested medical treatment. Upon examination, Nurse Boeve found that plaintiff's toe was not

bleeding. She gave plaintiff a Bandaid. Plaintiff was examined and treated no less than nine times by registered nurses for his toe injury:

- January 26, 2005 by Nurse Boeve;
- February 22, 2005 by Nurse Biesiada;
- March 1, 2005 by Nurse Hamilton;
- March 8, 2005 by Nurse Hix;
- May 3, 2005 by Nurse Biesiada;
- May 20, 2005 by Nurse Hix;
- June 16, 2005 by Nurse Kelley; and
- July 2, 2005 by Nurse Hix.

(docket # 34 at 1-13). Plaintiff states that he was given "cheap brand[s] of antibiotics" and that he should have been examined by a doctor rather than receiving treatment from nurses. (docket # 40, Plf. Aff. ¶ 4).

On July 3, 2005, plaintiff hit his right great toe against his bunk. He was transported to Hackley Hospital for an evaluation of this injury. Doctors at Hackley advised plaintiff that had the option of having his toenail removed or simply managing his discomfort with pain medication. Plaintiff elected removal. Doctors at Hackley removed plaintiff's toenail without incident. By August 2005, plaintiff was playing basketball. (docket # 25, Ex. A, Whalen Aff. ¶ 7; Plf. Aff. ¶ 5). On April 23, 2007, plaintiff filed this lawsuit.

**Discussion**

Plaintiff alleges that the medical care defendants provided violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on either component of an Eighth Amendment claim.

The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir.

2005). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* A non-obvious need for medical care can satisfy the "serious" medical need requirement, but "the inmate must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005); *see Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). The mere presence of a serious medical condition is insufficient to establish the objective component. The plaintiff must make "an 'objective' showing that the deprivation was 'sufficiently serious' or that the result of the defendant's denial was sufficiently serious." *Hudson*, 508 U.S. at 8; *see Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). Plaintiff falls far short of satisfying the objective component. He presented no evidence that any defendant caused an objectively serious deprivation. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286-87 (6th Cir. 2006). Defendants provided plaintiff with regular and extensive medical treatment.

The second prong under *Estelle* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions

> for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted); *see Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) ("The subjective standard is meant to prevent the constitutionalization of medical malpractice claims . . . ."); *accord Mabry v. Antonini*, 289 F. App'x 895, 903 (6th Cir. 2008) ("'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law.'") (quoting *Westlake*, 537 F.2d 860 n.5). Plaintiff presented no evidence that the medical care defendants provided was medically deficient. His disagreement with defendants' diagnosis and treatment falls far short of supporting an Eighth Amendment claim. *See e.g.*, *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006); *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004). No reasonable trier of fact could find in plaintiff's favor on the subjective component of his Eighth Amendment claims against defendants.

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion for summary judgment by defendants Whalen, Hix, Barrett, Kelley, and Hamilton (docket # 24) be granted, and that judgment be entered in their favor on all plaintiff's claims. I further recommend that all plaintiff's claims against Nurse Biesiada be dismissed without prejudice under Rule 4(m) of the Federal Rules of

Civil Procedure because plaintiff has never achieved service of process. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against Nurse Biesiada.


Dated:   July 20, 2009          /s/  Joseph G. Scoville
                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).