UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHITFIELD,

    Plaintiff,

v.                                          File No. 1:07-CV-399

MICHAEL WHALEN, et al.,            HON. ROBERT HOLMES BELL

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an action brought by Plaintiff Daniel Whitfield pursuant to 42 U.S.C. § 1983 against various correctional facility employees, including Healthcare Unit Manager Michael Whalen and Nurses Todd Hix, Mark Kelley, William Barrett, and Tamerla Hamilton ("Defendants"). Defendants filed a motion for summary judgment on Plaintiff's claims on October 30, 2008. (Dkt. No. 24.) On July 21, 2009, Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and that judgment be entered in their favor on all of Plaintiff's claims. (Dkt. No. 43.) Plaintiff filed objections to the R&R on July 31, 2009. (Dkt. No. 44.)

This Court is required to conduct a de novo review of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the

Magistrate Judge's findings or conclusions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (unpublished) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Plaintiff objects to the R&R's determination that Defendants were not "deliberately indifferent" to Plaintiff's toe injury. Plaintiff claims that Dr. Chase, who eventually removed Plaintiff's toenail, informed him that if he had waited any longer to have the toenail removed, the infection may have required removal of the entire toe. Plaintiff claims that this demonstrates that Defendants were deliberately indifferent toward Plaintiff's injury. However, Defendants examined and treated Plaintiff's toe on nine occasions between the injury and the nail-removal operation. (Dkt. No. 34, at 1-13.) Defendants provided Plaintiff with bandages for the wound, antibiotic creams, prescriptions and laboratory testing. Defendants treated Plaintiff as they deemed appropriate based on their estimation of the severity of the injury. The fact that Defendants may have underestimated the severity of the injury does not mean that they were deliberately indifferent toward Plaintiff's needs. *See Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) ("Deliberate indifference . . . does not include negligence in diagnosing a medical condition." (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976))); *see also Rumsey v. Martin*, 28 F. App'x 500, 501-02 (6th Cir. 2002)

2

(dismissing Eighth Amendment claim when prisoner admitted he was given treatment but complained about the type of treatment).

In addition to determining that Defendants were not deliberately indifferent toward Plaintiff's toe injury, the Magistrate Judge determined that "Plaintiff falls far short of satisfying the objective component" of the test for an Eighth Amendment violation, namely, that Plaintiff's medical needs be "serious." (Dkt. No. 43, at 6.) Plaintiff does not object to this determination, and the Court does not believe it to be erroneous. Thus, even if the Court were to conclude that Defendants were deliberately indifferent toward Plaintiff's toe injury, it would still agree that Plaintiff's condition did not rise to the level of seriousness required for an Eighth Amendment violation, and thus Plaintiff's claim must still fail at the summary judgment stage.

Plaintiff's complaint also asserts claims against Nurse Joan Biesiada. In light of its observation that "Nurse Joan Biesiada has never been served with process in the more than two years since plaintiff filed his complaint on April 23, 2007," the R&R recommends dismissal of the claims against Nurse Joan Biesiada without prejudice. The R&R also notes that it "serves as plaintiff's notice of the impending dismissal of all his claims against Nurse Joan Biesiada" for purposes of Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has not served Nurse Biesiada. Thus, the Court will dismiss the claims against Nurse Biesiada without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the report and recommendation (Dkt. No. 44) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 43) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Whalen, Hix, Barrett, Kelley, and Hamilton (Dkt. No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Nurse Joan Beisiada are **DISMISSED** without prejudice.

A judgment consistent with this memorandum opinion and order shall be entered.


Dated: May 20, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE